# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-6246 PA (JEMx) | Date | August 26, 2014 |
|---|---|---|---|
| Title | Arika Hayes v. Alicia Keys, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE

Before the Court is a Complaint filed by plaintiff Arika Hayes ("Plaintiff"). Plaintiff filed a Request to Proceed In Forma Pauperis ("Request"), which was granted by the magistrate on August 8, 2014. Based on a review of Plaintiff's Request and Complaint, it appears that additional inquiry is needed to ensure that Plaintiff qualifies for informa pauperis status.

To avail herself of the protections of the in forma pauperis statute, "an affiant must show [s]he is unable to 'pay or give security for the costs . . . and still be able to provide' [her]self and dependents 'with the necessities of life.'" Brown v. Herald Co., Inc., 464 U.S. 928, 930, 104 S. Ct. 331, 332, 78 L. Ed. 2d 301, 302 (1983) (Brennan, J. dissenting) (quoting Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89, 93 L. Ed. 43, 49 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) ("'[I]t is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness, and certainty.'" (quoting In re Stump, 449 F.2d 1297, 1298 (10th Cir. 1969))). At a minimum, an affiant must provide a statement of her available assets, as well as a brief description of the nature of the action and a statement in support of her request for relief. See 28 U.S.C. § 1915. The nature and scope of the inquiry undertaken prior to granting in forma pauperis status is within the discretion of the district court. McQuade, 647 F.2d at 940 (noting that it is "within the court's discretion to make a factual inquiry" into the merits of the party's request for in forma pauperis treatment).

The Court finds that Plaintiff has not provided sufficient information in support of her Request. According to the Request, Plaintiff is not employed, has no cash or savings, and owns nothing of value. Plaintiff also states that she has never filed an Income Tax return, and provides no information regarding past employment or income. The Complaint, however, indicates that Plaintiff is, and has been since at least 2004, an active music artist, songwriter, and author. Every page of the Complaint is also stamped with what appears to be website and mailing addresses related to Plaintiff's musical endeavors. In light of these consideration, the Court views Plaintiff's Request with some skepticism.

The Court further notes that there are serious questions as to whether Plaintiff has stated valid claims which would establish a basis for this Court's jurisdiction under 28 U.S.C. § 1331. This is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6246 PA (JEMx) | Date | August 26, 2014 |
|---|---|---|---|
| Title | Arika Hayes v. Alicia Keys, et al. | | |

third action that Plaintiff has filed in the Central District asserting claims for copyright infringement.[1] In the other two cases, the courts dismissed Plaintiff's complaints for failure to state a claim upon which relief can be granted. The Complaint in this case suffers from the same defects identified in the other actions. Specifically, the Complaint is largely indecipherable, fails to properly plead a copyright infringement claim, and does not provide any facts showing how each of the numerous named defendants participated in the alleged infringement.

Accordingly, the Court orders Plaintiff to show cause, in writing not to exceed ten pages, why her in forma pauperis status should not be revoked. Plaintiff shall respond to the following inquiries:

(1) What sources of income do you use to pay your day-to-day living expenses? What is your approximate monthly cost of living?

(2) Where do you live? What is the amount of your monthly rent or mortgage? How do you pay that amount? Do you own a home? Do you live with other individuals? If so, with whom? Do you have an ownership interest in any other real property?

(3) Are you currently employed? If not, when were you last employed? Describe your previous job and the duration of your employment there. State the amount of the salary and wages per month that you received.

(4) Do you own any credit cards? If so, what are the credit limits for each card?

(5) Are you currently receiving any benefits under federal or state governmental programs? If so, under which programs and for what amount per month?

(6) Do you own any other assets, e.g., stocks, bonds, automobiles, valuable personal property, etc.? If the answer is yes, please describe the assets and their approximate value. If the answer is no, have you sold any valuable personal assets within the last two years? If so, please describe the assets, the date they were sold, and the value derived from their sale. If you do not currently own an automobile please provide information about the last vehicle, if any, that you owned. Include information regarding the type of automobile, date of purchase, date of sale or other disposition of the vehicle, and sale price, if applicable.

---

[1] See Arika Hayes, et al. v. Kenye West, et al., No. CV 12-7974 GW (MANx) (C.D. Cal. complaint filed Oct. 1, 2012); Arika Hayes v. Nicki Minaj, et al., No. CV 12-7972 SVW (Shx) (C.D. Cal. complaint filed Oct. 2, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6246 PA (JEMx) | Date | August 26, 2014 |
|---|---|---|---|
| Title | Arika Hayes v. Alicia Keys, et al. | | |

(7) Have you ever been a party to any other action, civil or criminal, in this District? If so, did you proceed in forma pauperis in those cases? Please describe each case you have been involved in separately.

(8) Provide any additional information which may assist the Court in assessing your Request to Proceed In Forma Pauperis, including how you fund your musical endeavors (e.g., recording expenses).

The Court further orders Plaintiff to explain why her in forma pauperis status should not be revoked due to the lack of viable federal claims upon which the Court may base its jurisdiction. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (noting that in forma pauperis status may be denied "if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

Plaintiff shall file her response by no later than September 15, 2014. The failure to timely and adequately respond to this Order to Show Cause may result in sanctions, including the revocation of Plaintiff's in forma pauperis status and the issuance of an order that Plaintiff pay the standard filing fee before she is allowed to proceed with this action.

IT IS SO ORDERED.